# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

KURT M. MEYERS, )
      Plaintiff, )
)
v. )
) Case No. CV415-075
CAROLYN COLVIN, )
*Acting Commissioner of Social* )
*Security*, )
)
      Defendant. )

## **REPORT AND RECOMMENDATION**

Proceeding *pro se* and *in forma pauperis*, Kurt M. Meyers has filed a form complaint against the "US Social Security Adm."[1] Doc. 1 at 1. This is not a typical request for review of an administrative ruling by the Social Security Administration. Instead, plaintiff is (apparently) asking this Court to evaluate the cost of living adjustments ("COLA") to his social security benefits and, as he puts it,

> Identify[ ] and locat[e] a garnishment company or bank and the financial US govt legal service financier to pay the amount equal to per capita personal income as a career equals (25 years) @

---

[1] The Commissioner of Social Security appears to be the proper defendant. *See* 42 U.S.C. § 405(g). The Court therefore has substituted her as the named defendant, the Clerk is **DIRECTED** to amend the docket caption accordingly, and all subsequent filings shall conform.

$50.000.00 per year [and award him a] settlement of $1,250,000.00.

Id. at 5.

The Social Security Administration publishes its COLA determinations: http://www.ssa.gov/oact/cola/latestCOLA.html. Meyers does not say, nor can the Court ascertain, whether he is challenging a disability claim or merely the administration of his claim's pay-out (i.e., he is claiming that his monthly check fails to include legally required cost of living adjustments). Judicial review of SSA actions is normally limited by statute. See 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *United States v. Blue Cross & Blue Shield of Ala., Inc.*, 156 F.3d 1098, 1103-05 (11th Cir. 1998); *Rose v. Colvin*, 2014 WL 5034608 at * 2 (S.D. Ga. Oct. 8, 2014). And that statute requires that plaintiffs like Meyers exhaust the SSA's administrative review process for any SSA-based entitlement claims he makes, *then* sue for judicial review. Even at that, he must do so within 60 days of "a *final* decision of the Commissioner of Social

Security made after a hearing to which [plaintiff] was a party. . . ." 42 U.S.C. § 405(g) (emphasis added).

A federal court has "jurisdiction to hear individuals' claims that a government agency has violated their constitutional rights." Carolyn A. Kubitschek & Jon C. Dubin, SOCIAL SECURITY DISABILITY LAW & PROCEDURE IN FEDERAL COURT, § 7:28 at 1060 (2015). But this Court is unable to divine what Meyers wants here, and it cannot litigate his case for him. Construing plaintiff's complaint liberally,[1] it at best is nonsensical and thus does not comply with the above jurisdictional requirements. Nor is it at all likely that Meyers could salvage it on a second-chance pleading opportunity.[2] Accordingly, his case must be **DISMISSED** for lack of subject matter jurisdiction. *Rose*, 2014 WL 5034608 at * 2 ("Here, Plaintiff provides absolutely no information concerning any administrative proceedings before the Social Security Administration, let alone does she state that she presented any

---

[1] The Court will construe Meyers' *pro se* filings liberally, *Smith v. United States*, 420 F. App'x 944, 945 (11th Cir. 2011), but he must still comply with procedural pleading requirements. *Moton v. Cowart*, 631 F.3d 1337, 1341 n. 2 (11th Cir. 2011).

[2] *See Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F.App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity).

particular claim for benefits to the Commissioner for a final decision. Accordingly, Plaintiff has not met the prerequisites for judicial review, and her case must be dismissed."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety.").[3]

**SO REPORTED AND RECOMMENDED** this 20Th day of April, 2015.

                                                UNITED STATES MAGISTRATE JUDGE
                                                SOUTHERN DISTRICT OF GEORGIA

---

[3] "[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh*, 546 U.S. at 514. Because federal courts are courts of limited jurisdiction, they are presumed to lack subject matter jurisdiction in a particular case "unless the contrary affirmatively appears." *General Atomic Co. v. United NuclearCorp.*, 655 F.2d 968, 968–69 (9th Cir.1981).